# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLENN O. HAWBAKER, INC.,

               Plaintiff,

      v.

WILLIAM H. LANE
INCORPORATED,

               Defendant.

No. 4:25-CV-00989

(Chief Judge Brann)

## MEMORANDUM OPINION

### JANUARY 16, 2026

## I.    BACKGROUND

On June 2, 2025, Plaintiff, Glenn O. Hawbaker, Inc. ("GOH"), filed a petition to vacate an arbitration award, or in the alternative, to modify an arbitration award ("Petition") against Defendant William H. Lane Incorporated ("WHL").[1] On August 4, 2025, WHL filed a motion to dismiss the petition for failure to state a claim and an accompanying motion for sanctions.[2] The motions are now ripe for disposition; for the reasons that follow, they are both denied.

---

[1]    Doc. 1.
[2]    Docs. 12, 13.

## II.    MOTION TO DISMISS

### A.    Facts Alleged in the Petition[3]

This case arises from a general contractor (WHL) and subcontractor (GOH) dispute over the latter's concrete services in the development of a public safety center and corners building in Susquehanna County, Pennsylvania. As can be assumed by the setting of this summary, that contracting relationship soured. After the suspension and termination of the subcontractor's work, together with a subsequent allegation of nonpayment for services rendered, GOH filed an American Arbitration Association action against WHL in April 2023.[4] That action included three causes of action: "(1) Breach of Contract; (2) Unjust Enrichment; and (3) Violation of the Pennsylvania Procurement Code Prompt Payment Act."[5]

After the arbitrator held evidentiary hearings over eight days in October 2024, he made several findings of note in a March 2025 award.[6] First, he found that WHL "improperly suspended the performance of GOH's work on the project."[7] Next, he determined that due to the actions by WHL, GOH was due an additional $55,362.18 in addition to the $759,010 original subcontract amount.[8] However, this did not end

---

[3] This summary of allegations of facts comes from a reading of Plaintiff's initial petition and is only offered to serve as a framing of the matter.
[4] *See* Doc. 1 ¶¶ 14-27.
[5] Doc. 1 ¶ 14.
[6] *See* Doc 1, Ex. E (Award of Arbitrator).
[7] *Id.* at 2.
[8] *Id.* at 1-2. However, the arbitrator also found that WHL had made payments totaling $309,188.22 to GOH. *Id.* at 3.

the arbitrator's analysis. Rather, he continued to find that "WHL incurred expense as a result of performance defaults by GOH on the project."[9] The arbitrator found these expenses to total $586,282.71—including $169,024.50 in "reasonable legal fees."[10] Finally, he summarized that adding everything together, WHL was owed $81,098.75.[11]

After that award was brought down, GOH initiated the instant action to vacate the arbitration award or, in the alternative, modify that award.[12] The arguments that they are entitled to either form of relief arise under the Federal Arbitration Act ("FAA").[13]

## B.    Analysis

As an initial matter, it is unimportant that this case arrived at the Court in the form of a petition and without a complaint.[14] The FAA itself does not require a complaint to be filed, and I will require no such pre-requisite to deciding this matter.[15]

However, both the Unted States Court of Appeals for the Third Circuit and the United States Supreme Court have made clear that petitions to vacate or modify

---

[9]   *Id.* at 2.
[10]   *Id.* at 2-3.
[11]   *Id.* at 3.
[12]   *See* Doc. 1.
[13]   *See* Doc. 1 at 8-11 (citing 9 U.S.C. §§ 10-11).
[14]   *See PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021) ("FAA Section 10 … does not instruct parties to file a complaint").
[15]   *See id.*

an arbitration award are not to be treated as a run-of-the-mill civil case; rather, applications requesting either outcome "get streamlined treatment as a motion."[16] Therefore, the petition that initiated this litigation will be treated as a motion.

This is imperative to note for one all-important reason. While Rule 12 of the Federal Rules of Civil Procedure undoubtably applies to pleadings, it does not apply to motions.[17] The FAA nature of this motion does not exempt it from this rule, as the Third Circuit has plainly said that Rule 12 does not apply to FAA motions.[18] Because Rule 12 does not apply to motions to dismiss like the one currently before the Court, that motion is denied.

## III.  POSTURE MOVING FORWARD

FAA petitions "present[] a limited inquiry that typically should not "develop into full scale litigation."[19] Further, a court "can, within its discretion, decide an FAA motion without conducting a full hearing or taking additional evidence."[20] With that in mind, I do not believe that a full hearing or additional evidence gathering is necessary to adjudicate the dispute before the Court. Therefore, I will be deciding the merits of the FAA motion—which is the entirety of this case—as a "summary

---

[16] *Hall St. Assocs., L.L.C. v. Mattel*, Inc., 552 U.S. 576, 582 (2008); *see also PG Publ'g, Inc.*, 19 F.4th 308, 313.

[17] *See PG Publ'g, Inc.*, 19 F.4th at 319; *Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 562 (3d Cir. 2022).

[18] *PG Publ'g, Inc.*, 19 F.4th at 319.

[19] *Jiangsu Beier Decoration Materials Co.*, 52 F.4th at 563 (citing *PG Publ'g, Inc.*, 19 F.4th at 314) (internal quotations omitted).

[20] *PG Publ'g, Inc.*, 19 F.4th at 314 (citing *Legion Ins. Co. v. Ins. Gen. Agency, Inc.*, 822 F.2d 541, 542–43 (5th Cir. 1987)).

proceeding[]" in the near future.[21] However, before doing so, I want to give both parties a final opportunity to be heard on the FAA motion. Therefore, in the order accompanying this memorandum opinion, I will set out a briefing schedule that provides for an opportunity for GOH to submit a brief in support, WHL to proffer a brief in opposition, and, finally, for GOH to file a reply brief. These briefs are welcome to incorporate portions of the already submitted briefing related to the motion to dismiss, as it seems that many of the issues will overlap.[22] As such, I will consider this additional briefing submitted and the briefing that has already been filed in support and opposition to the motion to dismiss. Additionally, if either party disagrees with my determination that a hearing is not necessary to adjudicate the matter, then they are welcome to raise why in their briefing. After this subsequent briefing is submitted the Court will decide the merits of the FAA motion.

## IV.    MOTION FOR SANCTIONS

WHL has also moved for sanctions against GOH under Rule 11 of the Federal Rules of Civil Procedure.[23] "Rule 11(b) provides that when a lawyer 'present[s] to the court a pleading, written motion, or other paper,' she is 'certif[ying] that to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable

---

[21]  *See Jiangsu Beier Decoration Materials Co.*, 52 F.4th at 560 (quoting *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 244 (3d Cir. 2021)) (internal citations omitted).

[22]  The parties are encouraged to emphasize in these subsequent briefs which parts of the motion to dismiss briefing it would like to incorporate or bring to the Court's attention.

[23]  *See* Doc. 13.

under the circumstances: ... (3) the factual contentions have evidentiary support.'"[24] As the Third Circuit has said, "Rule 11 imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith."[25] This means that "lawyers can be sanctioned for objectively unreasonable conduct—in a word, negligence."[26] But importantly, "a showing of at least culpable carelessness is required before a violation of the Rule can be found."[27]

While Rule 11 provides "a vehicle for deterring abuses of the legal system," it must be noted that "sanctions are serious business."[28] "Receiving sanctions signals a severe lack of professionalism and inflicts lasting damage to a lawyer's credibility. So while moving for sanctions is a necessary tool to prevent injustice, such motions are not to be used as a 'hardball' litigation tactic."[29]

Here, neither WHL's briefing, nor the record before the Court, provides any evidence for the proposition that GOH's conduct warrants sanctions. Further, the Court simply does not believe that GOH's conduct requires a sanction to deter abuses of the legal system, or that their petition breaches the line of being frivolous.[30]

---

[24] *Wharton v. Superintendent Graterford SCI Phila. Dist. Attorney's Off.*, 95 F.4th 140, 147 (3d Cir. 2024) (quoting FED. R. CIV. P. 11(b)) (emphasis removed).

[25] *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991)) (internal quotation marks omitted).

[26] *Id.*

[27] *Keller v. Sierra-Cedar, LLC*, No. 4:22-CV-00013, 2023 WL 8437617, at *3 (M.D. Pa. Dec. 5, 2023) (quoting) (internal quotation marks omitted).

[28] *Id.* at *1.

[29] *Id.*

[30] While the Court will not reach the merits of the petition filed by GOH, it appears from the record that they have a valid argument that is based on a reasonable recitation of the facts and

Even assuming the quotations that WHL points out in its briefing were false assertions made by GOH, this would not be enough to warrant Rule 11 sanctions.[31] There is patently no evidence proffered by WHL to show that the statements made by GOH are anything other than a form of advocacy.

"A district court presented with a Rule 11 motion for sanctions must determine whether the accused attorney's conduct was 'objectively reasonable under the circumstances.'"[32] After reviewing the petition and briefing accompanying the motion for sanctions, the Court cannot say that any of GOH's statements or conduct was unreasonable or demonstrated any level of carelessness. The underlying claims and motion pointed to by WHL are also not "patently unmeritorious or frivolous."[33] Therefore, they do not rise to the level of "exceptional circumstances" that warrant the implementation of Rule 11 sanctions.[34]

---

a reasonable proffer of the applicable law. Whether that argument will bear fruit is a matter for another day. For now, it is sufficient to say that their motion and claims are not frivolous. *See id.* at *7 ("a motion for sanctions should never simply substitute for a merits decision"); *see also Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421-22 (1978).

[31] *See Keller*, 2023 WL 8437617, at *3 ("Even if incorrect, a party's argument is not considered frivolous so long as it is not patently unreasonable to conclude that it is 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'").

[32] *Anderson v. Bd. of Sch. Directors of Millcreek Twp. Sch. Dist.*, 574 F. App'x 169, 175 (3d Cir. 2014) (quoting *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir.2010)).

[33] *Id.*

[34] *Id.*

Ultimately WHL's motion for sanctions appears to "confuse[] the merits with sanctionable conduct."[35] This opinion does not delve into the merits of the FAA motion. The Court will address that motion following the submission of the briefing discussed above and in the accompanying order. GOH's conduct here is not sanctionable under Rule 11, and even if it were a closer call, the Court would exercise its discretion not to impose sanctions.[36] Accordingly, WHL's motion for sanctions is denied.

## V.    CONCLUSION

For the foregoing reasons, the motion to dismiss is denied and the motion for sanctions is denied. The Court will enter a briefing schedule in advance of deciding the merits of the FAA motion.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[35] *Keller*, 2023 WL 8437617, at *8. This becomes apparent when one considers the fact that the briefing submitted by WHL in support of its motion to dismiss and motion for sanctions are almost identical.

[36] *See id.*

8